IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRYSTI SOVA,<br><br>                Plaintiff,<br><br>v.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>                Defendant | Case No.<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff Krysti Sova ("Plaintiff' or "Sova"), for her cause of action against Defendant, Nebraska Department of Correctional Services ("Defendant"), and hereby states and alleges the following:

**NATURE OF THE ACTION**

1.  This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, challenging Defendant's unlawful pregnancy discrimination against Sova.

**JURISDICTION AND VENUE**

2.  This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §1331.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(l) and (2).

4.  The events or omissions giving rise to these claims occurred in York, Nebraska, which is located in this District.

**PARTIES**

5.  Sova is a resident of York, York County, Nebraska, and at all relevant times was employed by Defendant in York, Nebraska.

1

6. At all relevant times, Defendant employed over 500 employees.

7. Defendant is a state agency of the State of Nebraska with its headquarters in Lincoln, Nebraska.

## ADMINISTRATIVE PROCESS

8. On August 19, 2019, Sova filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission ("NEOC"), Charge No. NEB l-19/20-8-50705-RS, alleging pregnancy discrimination and harassment. This was dually filed with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 32E-2019-00684.

9. On February 25, 2020, Sova filed another Charge of Discrimination with the NEOC, NEB l-19/20-2-51156-RS, alleging pregnancy discrimination, harassment and retaliation for her complaints and filing her August 2019 charge. This was dually filed with the EEOC, Charge No. 32E-2020-00307.

10. On August 25, 2020, Sova filed another Charge of Discrimination with the NEOC, NEB 1-20/21-8-51531-RS, alleging pregnancy discrimination, harassment and retaliation for her complaints and filing her previous charges. This was dually filed with the EEOC, Charge No. 32E-2020-00611.

11. On November 22, 2021, the NEOC issued a determination finding "sufficient evidence to support a reasonable cause finding that discrimination has occurred as alleged" for all three of Sova's NEOC's charges.

12. Following the NEOC's reasonable cause determinations, the EEOC conducted a substantial weight review of the NEOC's findings and concluded on April 7, 2022, "that there is reasonable cause to believe that a violation of the law has occurred."

13. On August 8, 2022, the EEOC sent a letter to the parties, notifying them that the

case would be forwarded to the Department of Justice for litigation review.

14. On April 13, 2023, the Civil Rights Division of the U.S. Department of Justice sent Sova a letter notifying her of her right to institute a civil action against the Defendant within 90 days of the receipt of the aforementioned letter.

15. Sova brings this action within 90 days of her receipt of the Department of Justice's notice of right to sue.

## FACTUAL BACKGROUND

16. On May 28, 2019, Sova disclosed her pregnancy to Michael Crosby, one of her supervisors, and soon after the negative treatment began.

17. On that same day, Sova began vacation time that had been approved by Sergeant Erin Diaz ("Diaz").

18. After Sova left for vacation Diaz went back in and changed the status to be unapproved.

19. When Sova returned from Vacation she was issued a statement of charges ("SOC") for taking vacation without approval. Sova protested the SOC and asked for the Screen Shot of SOVA's Telestaff program leave entry, which request was denied by HR.

20. Sova then approached a Department HR representative at a different facility and requested the same document, which she was given.

21. Sova then showed HR the document proving her leave was initially approved by Sergeant Diaz.

22. The SOC disappeared from Sova's file without further explanation.

23. Upon returning from approved vacation Sova was also issued a "Process Improvement Plan" ("PIP") on or about June 18, 2019, for alleged issues discovered during her

vacation. None of the alleged issues were supported by policy violations other than accidentally clocking in early.

24. The PIP called for 3 months of monitoring.

25. Sova was also blamed by the Defendant for an inmate stealing an item allegedly from property, without evidence, and even though numerous other employees had access to the property area.

26. On July 3, 2019, a Statement of Charges ("SOC") was issued to Sova for sharing her password with a fellow employee, which was common among officers to complete data entry.

27. Sova was placed on probation for 3 months.

28. There is no comparable situation in which an officer committed a similar infraction and was disciplined so severely.

29. The employee that Plaintiff shared a password with also received a Statement of Charges, but only received a warning and was then promoted to supervisor several weeks later.

30. On, or about, August 12, 2019, Angela Folts-Oberle, the prison warden, informed Michael Crosby and Jericho Johnson, Sova's supervisors, that Sova had filed a complaint against them for giving her a PIP.

31. Between September and October, 2019, Sova was issued two "Corrective Counseling Logs", ("CCL"), for alleged fingerprinting issues.

32. Shortly after their issuance, Sova filed a complaint with human resources against Michael Crosby and Jericho Johnson for creating a hostile work environment.

33. Crystal Procknow conducted the investigation into the issues surrounding fingerprinting.

34. During investigation, Crystal Procknow learned that Warden Folt-Oberle instructed Michael Crosby and Jericho Johnson to issue Sova a CCL because she allegedly failed to be honest in a report, not because of a problem with fingerprinting.

35. Warden Folts-Oberle then claimed that there was a mistake as to issuing the CCL for fingerprints rather than alleged dishonesty.

36. In September, 2019, Sova completed her PIP plan.

37. In October, 2019, Sova completed her 3-month probationary period for the SOC.

38. On November 27, 2019, Sova was issued an additional CCL for failing to have her driver's license.

39. Per policy, since it was the first time she had failed to have her driver's license, she should have received only a verbal warning rather than a CCL.

40. In December, 2019, Procknow recommended that the CCL for failing to fingerprint be removed because it was defective as to the real reason it was given, i.e. alleged dishonesty.

41. On, or about, December 10, 2019, Warden Folts-Oberle and Craig Gable met with Sova to tell her that the fingerprint CCL had been removed.

42. At the December 10th meeting, Warden Folts-Oberle informed Sova that she was being removed from her post pending a procedural review into her assigned work area because glass jars containing face-wash had been seen among the inmates.

43. On December 12, 2019, Sova raised concerns about being put back on shift in the yard while being 37 weeks pregnant and asked to be placed in records, as others had been in similar situations, but was denied.

44. On December 12, 2019, Sova began having contractions and severe pain while on

shift in B Control and it took over an hour for her to be relieved.

45. Sova went on maternity leave December 26, 2019.

46. On February 7, 2020, Sova was called at home while on maternity leave and told that she was being permanently removed from her position for performance issues.

47. On February 25, 2020, Sova again filed charges with the NEOC.

48. On February 28, 2020, Sova returned to work and filed a grievance regarding her removal from her post.

49. On March 20, 2020, Sova was notified that she had won her grievance and was getting her post back, but the next day her post went up for bidding.

50. On March 23, 2020, a Statement of Charges ("SOC") regarding the inmate theft of glass jars.

51. The SOC Sova received came two months after the close of the investigation, and after she filed her grievance, it also contained the wrong dates, incorrect information, and the wrong charges.

52. Sova filed a grievance regarding the SOC, which she won.

53. Defendant forced Sova to use her paid and unpaid leave to cover her new shift.

54. Director Scott Frakes agreed to dismiss the discipline and remove it from her personnel file due to its defective nature.

55. Defendant failed to remove the discipline from Sova's scoring matrix.

56. Warden Folts-Oberle refused to reassign Sova even though none of the Defendant's attempts to punish Sova were validated.

57. Throughout the rest of the year the Defendant refused to give Sova comparable positions.

58. Sova should never have been removed from her position.

59. Defendant improperly forced Sova to use paid leave and unpaid leave during this time period.

60. Sova has remained employed by the Defendant, but because of the improper and discriminatory discipline she has been unable to receive promotions that she demonstrably deserves.

## COUNT ONE

### VIOLATION OF TITLE VII- PREGNANCY DISCRIMINATION

61. Plaintiff repleads paragraphs 1 to 60 as fully set forth herein.

62. Defendant discriminated against Plaintiff by disciplining her on the basis of her pregnancy in violation of Title VIL.

63. Plaintiff suffered adverse actions when she was disciplined and removed from her position by Defendant.

64. Plaintiff's pregnancy was a motivating factor in Defendant's decision-making regarding Plaintiff's terms and conditions of employment.

65. Defendant acted willfully, maliciously, and intentionally, with reckless indifference to Plaintiff's rights.

66. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, medical expenses, and other emoluments of employment.

## COUNT TWO

## VIOLATION OF TITLE VII- PREGNANCY AND RETALIATION DISCRIMINATION

67.     Plaintiff repleads paragraphs 1 to 66 as fully set forth herein.

68.     Defendant discriminated against Plaintiff by harassing her and changing her assignment on the basis of her pregnancy and in retaliation for Plaintiff's complaint in violation of Title VII.

69.     Plaintiff suffered adverse actions when she was harassed by Defendant.

70.     Plaintiff's pregnancy was a motivating factor in Defendant's decision-making regarding Plaintiff's terms and conditions of employment.

71.     Defendant acted willfully, maliciously, and intentionally, with reckless indifference to Plaintiff's rights.

72.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, medical expenses, and other emoluments of employment.

## COUNT THREE

## VIOLATION OF TITLE VII-PREGNANCY DISCRIMINATION AND RETALIATION

73.     Plaintiff repleads paragraphs 1 to 72 as fully set herein.

74.     Defendant discriminated against Plaintiff by subjecting Plaintiff to different employment terms, forcing her to use paid and unpaid leave to cover her new shift, based on a

8

statement of charges against her that was determined to be invalid and, in reality, based on her pregnancy in violation of Title VII.

75. Plaintiff suffered adverse actions when she was disciplined and terminated by Defendant.

76. Plaintiff's pregnancy was a motivating factor in Defendant's decision-making regarding Plaintiff's terms and conditions of employment.

77. Defendant acted willfully, maliciously, and intentionally, with reckless indifference to Plaintiff's rights.

78. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, medical expenses, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, including punitive damages, for interest as allowed by law, for her attorneys' fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII.

### JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

DATED July 5, 2023.

KRYSTI SOVA, Plaintiff.

By:    /s/ Charles E. Wilbrand
Charles E. Wilbrand - #24888
Grant M. Paschke - #27747
KNUDSEN, BERKHEIMER,
RICHARDSON & ENDACOTT, LLP
3800 VerMaas Place, Suite 200
Lincoln, Nebraska 68502
(402) 475-7011
Fax: (402) 475-8912
cwilbrand@knudsenlaw.com