IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRYSTI SOVA,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>Defendant. | 4:23CV3121<br><br><br>**FINAL PROGRESSION ORDER (AMENDED)** |

The parties jointly filed a motion to amend the final progression order. Filing No. 49. The Court held a teleconference with counsel for the parties on May 20, 2025 to discuss case progression. After conferring with counsel, the Court finds good cause to extend the below deadlines in the final progression order by forty-five (45) days.

Accordingly,

IT IS ORDERED that the Joint Motion for Extension of Time, Filing No. 49, is granted in part and denied in part.

IT IS FURTHER ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings currently set for September 23, 2025 is continued and will be held with the undersigned magistrate judge on **November 4, 2025** at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is June 23, 2025. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by June 30, 2025.

1

> **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff(s):      July 21, 2025.

   For the defendant(s):    August 21, 2025.

   Plaintiff(s)' rebuttal:     September 4, 2025.

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff(s):      August 21, 2025.

   For the defendant(s):    October 24, 2025.

   Plaintiff(s)' rebuttal:     November 7, 2025.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is November 3, 2025.

6) The deadline for filing motions to dismiss and motions for summary judgment is December 4, 2025.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is February 9, 2026.

8) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. **Such requests will not be considered absent a substantial showing of good cause**.

11) All other deadlines and provisions in the Court's prior final progression orders not amended herein remain unchanged.

Dated this 20th day of May, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge